BLANK ROME LLP
Lawrence C. Hinkle (SBN 180551)
Hinkle-L@BlankRome.com
1925 Century Park East, 19th Floor
Los Angeles, California 90067
Telephone: 424-239-3400
Facsimile:  424-239-3434

BLANK ROME LLP
Brian A. Bannon （*Pro Hac Vice*）
Bannon-B@BlankRome.com
Alan Freeman （*Pro Hac Vice*）
Freeman@BlankRome.com
600 New Hampshire Avenue, NW
Washington, DC 20037
Telephone:  202-772-5905
Telephone:  202-772-5925

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| TETRA TECH EC, INC., | Case No. 09-CV-03084-JAM-GGH |
| Plaintiff, | (Assigned to Hon. John A. Mendez) |
| v. | |
| AHTNA GOVERNMENT SERVICES CORPORATION, | **STIPULATED PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL INFORMATION** |
| Defendant. | |

STIPULATED PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL INFORMATION

811175.06516/95003680v.1

PDF created with pdfFactory trial version www.pdffactory.com

This Protective Order shall govern all documents and other information exchanged among the parties or produced by non-parties in connection with this litigation, including information received or exchanged as part of any discovery conducted by the parties.

The term "parties" as used herein shall mean all persons and entities that have appeared or may hereafter appear in these proceedings. The term "counsel" as used herein shall mean members and associates of law firms and individual attorneys who appear of record and of counsel for the parties to this proceeding.

1.  Any party may designate as "confidential" any information contained in the party's answers to interrogatories, answers to requests for admission, answers in oral or written depositions of its officers, directors, employees or agents, information contained in documents produced by a party or its agents, and information contained in any other discovery response provided by a party or its agents, or by a non-party pursuant to subpoena, in this litigation. By designating information as confidential the party so designating represents that it has done so in good faith and that such information is deserving of protection as confidential.

2.  The designation of information as "confidential" may be made by placing or affixing on each page of a document containing the information in question (without interfering with the legibility thereof) the following or a similar notice: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or in the manner described in paragraph 6 (collectively referred to as "confidential" information). Any page containing such notice, and all of the information contained on such page, shall be considered confidential unless the party producing such page shall clearly indicate thereon that only a portion of that page is to be treated as confidential.

3.  The designation of information as confidential must be made by a party or non-party contemporaneously with provision of such information in

PDF created with pdfFactory trial version www.pdffactory.com

discovery or as part of settlement discussions, provided, however, that with respect to the production of documents, the designation of information as confidential may be made after inspection of such documents by counsel for the inspecting parties, but no later than the date upon which requested individual copies of such documents are first provided to such counsel.  With respect to information provided by a non-party pursuant to subpoena that has not been designated as confidential by such non-party, the designation by a party of such information as confidential may be made by a party within twenty (20) business days of the date such information is first provided to counsel.

4. Objections to the designation of information as confidential shall be made within twenty (20) business days from the date such designation is received by counsel.  In the event of objections to the designation of information as confidential by a party receiving the information, the burden shall be on the party producing the information to move within twenty (20) business days of receiving such objections for an order of the court determining that the information is confidential and/or proprietary and entitled to protection under Federal Rule 26 (c).  Provided that the producing party so moves, the subject information that has been produced and designated confidential shall be treated as confidential within the terms of this Protective Order until otherwise ordered by the Court.  If the producing party does not so move within twenty (20) business days , the information shall no longer be deemed confidential pursuant to this Protective Order.

5. Counsel for a party or parties receiving information designated as confidential shall not disclose, make available, or communicate such confidential information to any person; provided, however, that, subject to the restriction contained in paragraph 6 below:

PDF created with pdfFactory trial version www.pdffactory.com

(a) Counsel may disclose such information to paralegal, secretarial, clerical and accounting personnel, who are regular employees of said counsel, to the extent that such disclosure is necessary for the preparation for and any settlement discussions, hearings, or the trial and the appeal of the matters referred to in paragraph 12. All persons to whom counsel discloses such information pursuant to this subparagraph shall be bound by the terms of this Protective Order.

(b) Counsel may disclose such information to experts, consultants, officers, directors, officials, employees, and other attorneys of the respective parties to this matter, including the parties themselves. All persons to whom counsel discloses such information pursuant to this subparagraph shall agree to be bound by the terms of this Protective Order, and, prior to such disclosure, all such persons, other than counsel or their employees, shall execute a confidentiality agreement in the form attached hereto as Exhibit A.

6. In addition to the notation required in paragraph 2 above, a party may limit the disclosure of confidential information to counsel's eyes only by placing the following or similar notice on each page of a document containing such information: "COUNSEL'S EYES ONLY." Such a designation shall mean that the parties themselves may not have access to information so designated, except that a party's in-house counsel may have access to information so designated, as well as the party's counsel and any retained consultants and experts. Information shall not be designated "COUNSEL'S EYES ONLY" unless the disclosure of the information to the other party's officers, directors or employees would cause the receiving party to have a competitive advantage over the disclosing party in competing for new business. Financial and business information more than three years old shall not be designated COUNSEL'S EYES ONLY unless the

PDF created with pdfFactory trial version www.pdffactory.com

disclosing party can establish by clear and convincing evidence that disclosure of the information would cause the receiving party to have a present competitive advantage.

7.  Confidential information may be used in connection with the actual or anticipated deposition, hearing or trial testimony of any person, whether or not the deponent is an officer or an employee of a party, provided that:

(a)  The deponent and counsel for the deponent, if not otherwise bound by this Protective Order, shall be informed prior to the disclosure of confidential information that a confidentiality agreement in the form attached hereto as Exhibit A must be signed.  In the event of refusal of the witness or his counsel to execute a confidentiality agreement, the party or parties attempting to use such information shall seek an appropriate order from the Court before such information is disclosed.

(b)  In the event that information designated confidential is to be utilized or referred to during a deposition, then only the deponent, his counsel, counsel for the parties, and those persons who are bound by the terms of this Protective Order pursuant to paragraphs 5(a) and 5(b) above shall be present.  Copies of the confidentiality agreements executed by persons who are present and who are bound pursuant to paragraph 5(b) above shall be furnished to counsel for the disclosing party or parties in advance of any person's examination of confidential information.  Nothing contained herein, however, shall impair counsel's right to seek to limit the number of persons present at the deposition in accordance with the Federal Rules of Civil Procedure and any other applicable rules.

(c)  The parties shall have the right to designate any or all of the resulting transcript, video or audio tape as confidential information subject to the terms of this Protective Order.  Such designations shall be noted on

5
STIPULATED PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL INFORMATION

811175.06516/95003680v.1

PDF created with pdfFactory trial version www.pdffactory.com

the record during the deposition or made within ten (10) business days after counsel receives a copy of the deposition transcript or tape or such transcript or tape otherwise becomes available to counsel.

8. Executed confidentiality agreements in the form attached hereto as Exhibit A shall be maintained by counsel and disclosed upon order of the Court.

9. Should any information designated confidential become incorporated in, or attached as exhibits to, any affidavits, answers to interrogatories, deposition transcripts, motions, briefs, memoranda, hearing transcripts, trial transcripts, or exhibits to be filed with the Court, such papers shall be filed with the Clerk of the Court in a sealed envelope (to be made available only to the Court, Court personnel and counsel in this proceeding unless otherwise ordered by this Court) with a label containing the case name and civil action number and a conspicuous notice informing the Clerk that the materials enclosed therein contain information subject to a protective order and are to be filed under seal.

10. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use in open Court any information designated as confidential, provided that the party who intends to refer to any such information in open Court gives reasonable notice to all parties of such intent so that the confidentiality of such information may be protected as determined and directed by the Court.

11. The use of confidential information by the party providing such information in the ordinary course of business or in connection with litigation shall not result in a waiver of confidentiality.

12. Any information designated as confidential shall not, without prior order of the Court, be used by the parties receiving such information for any purpose other than the preparation for, and use in, the depositions, hearings, trial, and the appeal of this matter.

STIPULATED PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL INFORMATION

PDF created with pdfFactory trial version www.pdffactory.com

13. Upon the final determination (including the expiration of any appeal period) of all matters wherein confidential information could be used pursuant to paragraph 12, all copies of confidential materials received during discovery and retained by the parties, their counsel, experts, representatives, officers, employees, and any other person who has signed a confidentiality agreement in the form attached hereto as Exhibit A shall, at the option of the party that received such materials, either be destroyed or returned to counsel for the party or parties providing such materials.  All other documents produced by a party or parties in response to discovery requests in this matter, and any copies thereof, shall be returned to counsel for the party or parties providing such documents or shall be destroyed.  In the case of the destruction of materials provided for in this paragraph, the person destroying such materials shall certify such destruction to counsel for all parties within fifteen (15) days after such destruction.

14. Nothing contained herein shall prevent entry of an order, upon an appropriate showing, requiring that any documents designated confidential shall receive additional or different protection beyond that provided herein.

15. Notwithstanding anything contained herein, counsel for a party receiving such information shall be free to disclose such confidential material if disclosure is required by subpoena or order of any court.  Counsel for a party receiving such subpoena or order shall promptly notify counsel for the disclosing party or parties of the receipt of any such subpoena or order or of papers applying for the same.  The burden shall be on the party objecting to production of confidential documents to oppose enforcement of any such subpoena or the issuance of any such order.

PDF created with pdfFactory trial version www.pdffactory.com

16. Any dispute concerning matters relating to this Protective Order shall be resolved by this Court.

ORDERED, this 3rd day of December, 2009.

\_\_\_\_/s/ John A. Mendez_____
UNITED STATES DISTRICT JUDGE

8
STIPULATED PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL INFORMATION

811175.06516/95003680v.1

PDF created with pdfFactory trial version www.pdffactory.com

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETRA TECH EC, INC., ) | Case No. 09-CV-03084-JAM-GGH |
| Plaintiff ) | |
| v. ) | |
| AHTNA GOVERNMENT SERVICES ) CORPORATION, ) | |
| Defendant. ) | |

**CONFIDENTIALITY AGREEMENT**

The undersigned, having read and understood the Protective Order governing the restricted use of confidential information obtained during discovery in this action, hereby agrees to be bound by the terms thereof.

Dated: _____

_____
Print Name

_____    _____
Signature                                                                      Date

9
STIPULATED PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL INFORMATION
811175.06516/95003680v.1

PDF created with pdfFactory trial version www.pdffactory.com